**08 CIV 7473**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RENET BIELECKI,

                                          Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

                                       Defendants.

**NOTICE OF REMOVAL**
Docket No. 08 Civ. ____

------------------------------------------------------------------x

TO:    **THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

       Defendant New York City Department of Education (being sued herein as "The Department of Education of the City of New York") by and through its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully show this Court as follows:

       1.    On or about August 7, 2008, defendant was served with a Summons and Verified Complaint in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No. 105278/08, naming the above-captioned defendants therein, and setting forth the claims for relief upon which the action is based. A copy of the Summons and Verified Complaint, dated April 11, 2008, is annexed hereto as Exhibit "A."

       2.    The above-captioned is a civil action of which the District Court has original jurisdiction in that it includes a cause of action which arises under the Constitution and laws of the United States, pursuant to 28 U.S.C. § 1331. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441(b).

3. Plaintiff brings this lawsuit alleging, *inter alia*, an alleged violation of plaintiff's federal constitutional rights and asserts an alleged cause of action pursuant to 42 U.S.C. §1983. See Exhibit "A".

4. This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading. See 28 U.S.C. § 1446(b).

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

6. Defendant is unaware of any previous application for the relief requested herein.

**WHEREFORE**, defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:   New York, New York
         August 25, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-146
New York, New York 10007
(212) 676-2750
aoconnor@law.nyc.gov

By: _____
    Andrea O'Connor (AO4477)
    Assistant Corporation Counsel

TO:  Stewart Lee Karlin
     Attorney for Plaintiff
     9 Murray St., Suite 4W
     New York, New York 10007

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Index No. 105278/08

RENET BIELECKI                                                   Date Purchased: 4,11,08

                Plaintiff,                              Plaintiff designates New York
                                                                 County as the place of trial
  -against-

                                                                 **SUMMONS**
THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,
                                                                 The basis of venue is:
                Defendants.                             Plaintiff's residence.

------------------------------------------------------------X   Plaintiff resides at 36 Morton
                                                                 Street, New York, N.Y.
                                                                 10014

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiff's attorney within twenty days after service of this summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 20 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 11, 2008

                                                      STEWART LEE KARLIN, ESQ.
                                                      Attorney for Plaintiff
                                                      9 Murray Street, Suite 4W
                                                      New York, N.Y. 10007
                                                      (212) 732-9450

**DEFENDANTS' ADDRESS:**
Corporation Counsel
100 Church Street
new York, NY 10007



STEWART LEE KARLIN
Attorney at Law
9 Murray Street, Suite 4W
New York, New York 10007
(212) 732-9450
Attorney for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

RENET BIELECKI,

       Plaintiff,

v.

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK

       Defendant.
------------------------------------------------------------------X

### VERIFIED COMPLAINT

    COMES NOW, RENET BIELECKI, plaintiff, by and through his undersigned counsel, STEWART LEE KARLIN, and files his Complaint as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.    This is an action for a deprivation of constitutional rights. This action is brought pursuant to 42 U.S.C. 1983. At all times relevant, defendant was acting under the color of state law.

2.    Plaintiff, RENET BIELECKI (hereinafter "Plaintiff"), is a resident of the County of New York, State of New York.

3.    Defendant Department of Education of the City of New York is a department within the City of New York, a municipal corporation and acting under the

1

color of state law.

4. This Court has concurrent jurisdiction over this action with the Federal Courts.

5. Venue is proper in this court as the plaintiff resides in New York County and defendant principal offices are in the County of New York and defendant is the United States.

6. Plaintiff was employed as a teacher with the Department of Education of the City of New York. She was successfully employed for many years and retired in 2005 (April 18, 2005).

7. At all times relevant in her career as a teacher, Plaintiff performed her responsibilities as a teacher in an exemplary manner.

8. Plaintiff was advised sometime after her retirement that an investigation has been ordered by the principal concerning allegations of corporal punishment regarding an incident on April 11, 2005.

9. As a result, there was allegedly an investigation conducted that resulted in plaintiff's license being placed on an ineligible list.

10. Subsequently, plaintiff has attempted to become a substitute teacher, however, due to her status of being on an ineligible list, defendant has refused to accept her application.

11. Thereafter, plaintiff attempted to obtain a hearing regarding the denial of plaintiff's substitute license on account of a corporal punishment charge lodged against plaintiff, however, a hearing was not provided because of her retirement and because she was a tenured teacher.

12. In addition, plaintiff never received notification of the allegations made against her in writing and does not to this day no of the specific allegations against her.

13. As such, plaintiff has a property interest not to be unfairly stigmatized and denied a license to teach without procedural due process safeguards mandated by the Fifth and Fourteenth Amendment to the U.S. Constitution.

14. Pursuant to the policy, practice and custom, there were no procedural safeguards whatsoever. There was no hearing, no time line for completion of the so-called investigation, no opportunity to call and confront witnesses and no meaningful opportunity to be heard whatsoever as to whether the allegations of corporal punishment had any merit (Plaintiff categorically denies the allegations)

15. By denying plaintiff a teaching license (defendant has refused to let her apply) without just cause or reason and solely for false, arbitrary and unreasonable grounds, the public records stigmatize the plaintiff as a dangerous and incompetent teacher after many years as a good citizen and an outstanding employee and as result defendant has deprived plaintiff of a liberty interest without due process of law.

16. Plaintiff has been damaged thereby by loss of back wages, loss of future income, by damage to reputation and consequent inability to secure other employment, by injury to her credit, and by extreme emotional and psychological upset and distress.

17. Plaintiff has retained an attorney and is obligated to pay reasonable attorney's fees.

18. Plaintiff has complied with all conditions precedent to

3

commencing this suit and has exhausted her administrative remedies including but not limited to her contractual rights under the collective bargaining agreement.

19.    By denying plaintiff a teacher license based on unsubstantiated allegations of corporal punishment without affording plaintiff the mandated procedural requirements under law, defendant has deprived plaintiff of her property interest without due process of law guaranteed under the fifth and fourteenth amendments to the United States Constitution as applied by 42 U.S.C. 1983.

### AS AND FOR A SECOND CAUSE OF ACTION

20.    Plaintiff repeats paragraphs one through nineteen as if fully set forth a length herein.

21.    Defendant's practice, policy and custom does not provide any significant procedural safeguards pertaining to retired tenured teachers accused of excessive corporal punishment while employed by defendant resulting in plaintiff being deprived of a teaching license.

22.    As such, plaintiff has a property interest in such a license and not to be unfairly stigmatized without procedural due process safeguards mandated by the Fifth and Fourteenth Amendment to the U.S. Constitution.

23.    Pursuant to the policy, practice and custom of defendant, there were no procedural safeguards whatsoever. There was no hearing, no time line for completion of the so-called investigation, no opportunity to call and confront witnesses and no meaningful opportunity to be heard whatsoever as to the allegations of corporal punishment which in turn placed plaintiff on an ineligible list for hire that in turn caused

her not be able to get a teaching license.

24. Plaintiff categorically denies the allegations of corporal punishment and by denying plaintiff her license without just cause or reason and solely for false, arbitrary, capricious, and unreasonable grounds, caused plaintiff to risk losing his employment and the public records stigmatize the plaintiff as a security risk even after many years as a good citizen and an outstanding employee and as result defendant has deprived plaintiff of equal protection under the fourteenth amendment to the U.S. Constitution.

25. Plaintiff has been damaged causing her a loss of back wages, loss of future income, damage to her reputation and consequent inability to secure other employment, by injury to her credit, and by extreme emotional and psychological upset and distress.

26. Plaintiff has retained an attorney and is obligated to pay reasonable attorney's fees.

27. By reason of the foregoing, defendant has deprived plaintiff of equal protection under the fourteenth amendment to the U.S. Constitution as applied by 42 U.S. C. 1983.

WHEREFORE, Plaintiff demands judgment against defendant declaring the acts of the defendant violated the procedural due process, substantive due process and equal protection clauses of the fourteenth amendments to the U.S. Constitution, for actual, consequential, special damages, for back wages, for lost future wages, for injury to credit and reputation, for emotional and psychological pain anguish and suffering, for interest,

for costs, for attorney's fees, and for such other relief as this court deems just and equitable.

Dated: New York, New York
      April 11, 2008

                                                STEWART LEE KARLIN, ESQ.
                                                Attorney for Plaintiff
                                                9 Murray Street, Suite 4W
                                                New York, NY 10007
                                                (212) 732-9450

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
       April 11, 2008

_____
STEWART LEE KARLIN, ESQ.

## **ATTORNEY CERTIFICATION**

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
      April 11, 2008

_____
STEWART LEE KARLIN, ESQ.

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NEW YORK           Index No.           Year

---

RENET BIELECKI,

       Plaintiff

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,

       Defendant.

---

COMPLAINT AND SUMMONS

---

STEWART LEE KARLIN
*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

9 Murray Street, Suite 4W
New York, NY  10007
(212) 732-9450

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                              of which the within is a true copy
will be presented for settlement to the HON.                one of the judges of the
within named Court, at
on                          at              M.

Dated,

                      Yours, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RENET BIELECKI,

                                                  Plaintiff,

                          -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

                                                 Defendants.

**DECLARATION OF SERVICE BY MAIL**

Case No. 08 Civ. 2202

------------------------------------------------------------------ x

        **ANDREA O'CONNOR** declares under the penalties of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        On August 25, 2008, I caused the annexed Notice of Removal, dated August 21, 2008, to be served upon the attorney for the plaintiff herein by depositing a copy of such in a first class postpaid properly addressed wrapper; in a post office/official depository under the exclusive care and custody of the U.S. Postal Service, directed to said attorneys at the address set forth below, that being the address designated for that purpose:

                        Stewart Lee Karlin
                        Attorney for Plaintiff
                        9 Murray St., Suite 4W
                        New York, New York 10007

Dated:      New York, New York
             August 25, 2008

                                                    _/s/ Andrea O'Connor_
                                                    Andrea O'Connor (AO4477)
                                                    Assistant Corporation Counsel

Docket No. 08 CV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENET BIELECKI,

                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                              Defendants.

## NOTICE OF REMOVAL

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Andrea O'Connor*
*Tel: (212) 676-2750*
*Matter No. 2008-028582*

*Due and timely service is hereby admitted.*

New York, N.Y. ................................., 200

................................. Esq.

*Attorney for*