

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

ANDREA O'CONNOR
Labor and Employment Law Division
Telephone: (212) 676-2750
Fax No.: (212) 788-5877
E-mail: aoconnor@law.nyc.gov

August 28, 2008

**BY FACSIMILE**
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-28-08
```

Re: Bielecki v. The Department of Education of the City of New York
Docket No. 08 Civ. 7473(VM)(MHD)

Dear Judge Marrero:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant New York City Department of Education ("DOE"). I write today to respectfully request a 45-day extension of time, from September 2, 2008 to October 17, 2008, for DOE to respond to the complaint in above-referenced action. This is DOE's first request for an extension of time. Plaintiff has consented to a 45-day extension.

On or about August 7, 2008, defendant was served with a Summons and Verified Complaint in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No. 105278/08. However, because the Verified Complaint alleged a violation of plaintiff's federal constitutional rights and asserted a cause of action pursuant to 42 U.S.C. § 1983, on August 25, 2008, defendants served and filed a Notice of Removal to remove the action to the Southern District of New York. Thereafter, on August 25, 2008 the action was removed to this Court and assigned to Your Honor.

Federal Rule of Civil Procedure 81(c)(2)(C) requires that a defendant must respond to the complaint five (5) days after its Notice of Removal was filed. However, in order to respond on behalf of DOE, which must be grounded in knowledge, information and belief formed after reasonable inquiry, as required by Rule 11 of the Federal Rules of Civil Procedure, I must identify, locate and interview those persons with knowledge of the allegations set forth in the complaint. In addition, I must identify, locate and review any documents relevant to plaintiff's claims. An extension of time will provide the defendant with sufficient time to

investigate plaintiff's allegations and to review documents that might be relevant to this action. Furthermore, while I would normally only request a 30-day extension of time to respond to the complaint, prior scheduling commitments require me to respectfully request a 45-day extension, including a scheduled vacation during the week of September 15, 2008.

Accordingly, I respectfully request that defendant's time to respond to the complaint be extended to October 24, 2008. Thank you for your consideration of this request.

Respectfully submitted,

*Andrea O'Connor*

Andrea O'Connor
Assistant Corporation Counsel

c:  Stewart Lee Karlin (by facsimile)
    Attorney for Plaintiff
    9 Murray St., Suite 4W
    New York, New York 10007

---

Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to __10-24-08__.

SO ORDERED.

8-28-08
DATE          VICTOR MARRERO, U.S.D.J.

---

2